# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| LARRY CARL DIXON, #138238, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 2:06-CV-164-WKW ) |
| WILLIE THOMAS, et al, et al., | ) ) ) |
| Defendants. | ) ) |

## ANSWER and SPECIAL REPORT

**COMES NOW**, the Defendants **Willie Thomas, Donal Campbell, and the Alabama Department of Corrections**, by and through Bettie J. Carmack of the State of Alabama Attorney General's Office, and, in response to this Honorable Court's Order dated February 28, 2006, state as follows:

### PARTIES

1. Larry Dixon – inmate at Elmore Correctional Facility in Elmore, Alabama

2. Willie Thomas – Warden III at Elmore Correctional Facility

3. Donal Campbell – Former Commissioner of the Alabama Department of Corrections

4. Prison Health Services, Inc. – a private correctional healthcare organization that provides health care services to prisons and jails

## PLAINTIFF'S CLAIMS

Larry Carl Dixon (hereinafter "Dixon") contends that the "disregard for the safety of inmates and their appendages violate the 8th amendment to the United States Constitution." In particular, Dixon contends that he lost the "tip of his finger" because the prison officials knew or should have known that the "windows in the living area of Elmore Dorms" were in disrepair.

## I.   DIXON'S EIGHTH AMENDMENT CLAIM IS WITHOUT MERIT.

Dixon has made two claims: (1) The windows at Elmore Correctional Facility are in disrepair and (2) the prison officials are deliberately indifferent to the safety of the inmates in their custody.

### A.   The windows are allegedly in disrepair.

"[W]hile the Constitution does not require prisons to be comfortable, it also does not permit them to be inhumane, 'and it is now settled that the . . . conditions under which [a prisoner] is confined are subject to scrutiny under the Eighth Amendment'." Purcell v. Toombs County, GA, 400 F. 3d 1313, 1319)(11th Cir. 2005). To show an Eighth Amendment violation, Dixon would have to produce sufficient evidence of "(1) substantial risk of serious harm; (2) the defendants' indifference to that risk; and (3) causation." *See id., quoting* Hale v. Tallapoosa County, 50 F. 3d 1579, 1582 (11th Cir. 1995).

In this case, Dixon has not shown that there was a substantial risk of serious harm from opening a window. In his complaint, Dixon has not stated what exactly

was wrong with the window; why he, as a prisoner, was opening the window in the first place; or provided any documentation or evidence to show that the window was, indeed, in disrepair at the time that he injured his finger. Because Dixon has not shown that there was a substantial risk of serious harm from opening a window that was not in need of repair, he has not shown that his Eighth Amendment rights were violated.

**B.     The prison officials were allegedly indifferent to inmate safety by not repairing the allegedly defective windows.**

As stated previously, Dixon has not shown that the windows were in disrepair or that prison officials knew that the windows were in disrepair. For the sake of argument only, the defendants will address Dixon's "deliberate indifference" claim (s).

"To be deliberately indifferent[,] a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Purcell v. Toombs County, GA, 400 F. 3d at 1320. In this case, Warden Thomas stated in an affidavit that the prison officials were not aware of the windows needing repair. (Exhibit A)

Furthermore, as a prisoner, Dixon was not authorized to open any windows. (Exhibit A) Because prison officials did not know that the windows were allegedly in disrepair and Dixon was not authorized to open any windows, prison officials

3

were not deliberately indifferent to the risk that Dixon would lose his finger if he attempted to open a window.

Moreover, Dixon's claim is a mere negligence claim. Basically, Dixon is attempting to argue that the prison owed a duty to him to make sure that, if he opened a window without authorization, that the window would be operating properly. A negligence claim is simply not actionable under 42 U.S.C.A. § 1983. *See* Davidson v. Cannon, 474 U.S. 344, 347-348 (1986) (constitutional protections are not implicated by the lack of due care of an official causing *unintended* injury to life, liberty or property).

## II. DIXON'S COMPLAINT IS DUE TO BE DISMISSED BECAUSE THE DEFENDANTS ARE IMMUNE FROM LIABILITY.

The Plaintiff's claims should be dismissed because the Defendants are immune from liability. As the United States Supreme Court has stated:

> There can be no doubt ... that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against the State. In addition, there has been no consent or waiver of immunity in this case. Thus, the Defendants are absolutely immune from liability.

Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. Wilson v. Blankenship, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

Dixon has made no direct claim against Donal Campbell. Dixon appears to have named Campbell as a defendant because he was the prison commissioner. There is, however, no respondeat superior liability in § 1983 cases. *See* Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992). Therefore, Campbell is due to be dismissed from the lawsuit.

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Honorable Court dismiss the Plaintiff's action with prejudice.

>Respectfully submitted,
>
>TROY KING (KIN-047)
>ATTORNEY GENERAL
>By:
>
>  /s/ BETTIE J. CARMACK
>Bettie J. Carmack (CAR-132)
>*Assistant Attorney General*
>*Civil Litigation Division*
>11 South Union Street
>Montgomery, AL 36130
>Telephone: (334) 353-5305
>Facsimile: (334) 242-2433
>*Doc No.: 111511*

## CERTIFICATE OF SERVICE

This is to certify that I have on this 23rd day of March, 2006, served copies of the foregoing *Answer and Special Report* upon the plaintiff by depositing same in the United States Mail, addressed as follows:

> **Larry Dixon**
> **AIS #: 138238**
> **Elmore Correctional Facility**
> **P. O. Box 8**
> **Elmore, AL  36025**

/s/ BETTIE J. CARMACK
Bettie J. Carmack (CAR -132)
ASSISTANT ATTORNEY GENERAL