IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY CARL DIXON, )<br>AIS #138238, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )<br>WARDEN WILLIE THOMAS, *et al.*, )<br> )<br>    Defendants. ) | CASE NO. 2:06-CV-164-WKW<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Larry Carl Dixon ["Dixon"], a state inmate, in which he contends the defendants acted with deliberate indifference to his safety and subjected him to cruel and unusual punishment by failing to maintain the repair of windows at the Elmore Correctional Facility which resulted in an injury to his left index finger. Dixon names Willie Thomas, the warden of Elmore Correctional Facility, Donal Campbell, the former commissioner of the Alabama Department of Corrections and Prison Health Services, Inc. ["PHS"], the prison medical care provider at the time of the incident, as defendants in this cause of action. Dixon seeks monetary damages for the alleged violation of his constitutional rights.

The defendants filed written reports and supporting evidentiary materials addressing Dixon's claim for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the defendants' written reports as motions for summary judgment.

*Order of April 25, 2006 - Court Doc. No. 14*.  Thus, this case is now pending on the defendants' motions for summary judgment.  Upon consideration of these motions, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006).

Consequently, to survive the defendants' properly supported motions for summary judgment, Dixon is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the

existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Dixon fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

On August 3, 2005, Dixon raised the window in his living area. The window fell severing the tip of plaintiff's left index finger. Dixon alleges that he suffered this injury

due to "[t]he defendants' callous disregard for [his] safety...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Specifically, Dixon maintains the defendants acted with deliberate indifference to his safety by failing to maintain and/or repair windows in the living areas of the Elmore Correctional Facility. In support of this claim, Dixon argues the defendants "have known or should have known that the windows in the living area of Elmore Dorms are in disrepair [and] have no safety measures or devices to stop them from slamming down on finger/hands...." *Id*.

In their evidentiary materials, the correctional defendants adamantly deny they acted with either callous disregard or deliberate indifference to Dixon's safety. *Correctional Defendants' Exhibit A - Court Doc. No. 9-2 (Affidavit of Willie J. Thomas)* at 1. Defendant Thomas asserts he had no knowledge "the windows in the dorms at Elmore Correctional Facility were in such disrepair at the time this incident took place. It was the [general, unwritten] policy at the time this incident took place that inmates are not to raise, lower, or adjust any of the windows at any time. That policy remains in effect to this day." *Id*. at 2. PHS asserts it is in no way responsible for the physical condition of windows at the Elmore Correctional Facility. *Medical Defendant's Exhibit A - Court Doc. No 12 (Affidavit of Marilee Moore)* at 5 ("PHS has no control over the manner in which the windows at Elmore Correctional Facility are maintained.").

### A. Absolute Immunity

To the extent Dixon sues the defendants in their official capacities, they are immune

from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to Eleventh Amendment immunity when sued in their official capacities. Thus, the defendants are entitled to absolute immunity from the plaintiff's claims for monetary damages asserted against them in their official capacities.

### B. Donal Campbell and Prison Health Services, Inc. - Individual Capacities

It is undisputed that neither defendant Campell nor PHS had any personal involvement or direct control over the windows at the Elmore Correctional Facility. Moreover, the record before the court demonstrates that the conditions about which Dixon complains did not occur pursuant to a policy enacted by the aforementioned defendants;

8

rather, the only policy relevant to the claims pending herein requires that inmates not raise, lower or in any other manner adjust the windows. *Correctional Defendants' Exhibit A - Court Doc. No. 9-2 (Affidavits of Willie J. Thomas)* at 2.

It is apparent from the pleadings filed in this case that Donal Campbell is named as a defendant solely due to his supervisory position as commissioner of the Alabama Department of Corrections at the time of the challenged incident. However, it is unclear why the plaintiff listed PHS as a defendant because this entity played no part in the physical maintenance of the Elmore Correctional Facility and is therefore not responsible for the challenged condition which forms the sole basis for the plaintiff's complaint.

The law is well settled that a defendant cannot be held liable under § 1983 based on a theory of respondeat superior or on the basis of vicarious liability. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, ____ U.S.____, 127 S.Ct. 2428, 167 L.Ed.2d 1129 (2007) ("Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability. *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)."); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). "Instead, supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." *Gray*, 458 F.3d at 1308 (citation omitted); *Jones v. Preuit & Mauldin*, 851 F.2d

1321 (11th Cir. 1988).

Dixon does not dispute the lack of a personal involvement by defendants Campbell and PHS. Moreover, Dixon presents no evidence of the requisite causal connection regarding defendants Campbell and PHS. The court therefore concludes that these defendants are entitled to summary judgment on the claims lodged against them in their individual capacities.

**C. Deliberate Indifference Claim Against Willie Thomas - Individual Capacity**

A correctional official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation. With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm ... exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official

10

must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-1029. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' ... ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***." *Farmer*, 511 U.S. at 837-838 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a

11

>serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a [correctional official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). As the foregoing makes clear, "[m]erely negligent failure to protect an inmate ... does not justify liability under section 1983...." *Id*.

Pursuant to the aforementioned criteria, Dixon is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment on his deliberate indifference claim. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To circumvent entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-1029 (same).

While it is unfortunate that Dixon suffered an injury to his finger while attempting

to raise a window, the record is completely devoid of evidence that the action about which he complains occurred due to deliberate indifference on the part of defendant Thomas. Dixon presents no evidence of an objectively substantial risk of serious harm nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by defendant Thomas, each of which is a required element of his Eighth Amendment claim. Dixon's bald assertion that Thomas knew or should have known of the condition of the windows and that such posed a substantial risk of harm to him does not amount to evidence of Thomas' actual, subjective knowledge. "Plaintiff has failed to establish that the Defendant had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required element of this claim. When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established...." *Carter*, 352 F.3d at 1350 (footnote omitted). Consequently, summary judgment is due to be granted in favor of defendant Thomas.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motions for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 5, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of July, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE